E-FILED
Wednesday, 14 June, 2017 01:21:50 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHRIS FIEMS, Individually, and as Father and Next Friend of E.J.M.F., a Minor,<br>    Plaintiff,<br><br>v.<br><br>JASON M. STEVENSON and PATRICIA J. STEVENSON,<br>    Defendants. | Case No. 4:17-cv-04154-SLD-JEH |

**Order**

The Plaintiff, Chris Fiems, filed a Complaint on June 13, 2017 against the Defendants, Jason M. Stevenson and Patricia J. Stevenson. (D. 1).[1] The Plaintiff's Complaint asserts diversity of citizenship as a basis of this Court's jurisdiction. (D. 1 at pg. 1). The allegations of the Complaint are not sufficient to support that assertion.

The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Here, the Plaintiff alleges the parties are all a "resident" of a particular state. *Id.* The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. See, *e.g.*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000); see also *Page v. Wright*, 116 F2d 449, 451 (7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence"). Parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party, not the residence. See *Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution*

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

*Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994). The Plaintiff's allegations asserting residence are insufficient to establish diversity of citizenship jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on June 14, 2017.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE