E-FILED
Monday, 09 April, 2018 02:47:59 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHRIS FIEMS, Individually and as Father and next Friend of E.J.M.F., a Minor,<br>　　　Plaintiff,<br><br>v.<br><br>JASON M. STEVENSON and PATRICIA J. STEVENSON,<br>　　　Defendant. | Case No. 4:17-cv-04154-JEH |

**Order**

Should Defendant property owners, Jason and Patricia Stevenson, be liable under Illinois law for injuries sustained by a 10-year old neighborhood boy after he jumped out of their treehouse from a height of eight feet? No.

**I[1]**

The following facts are undisputed.[2]

On August 29, 2015, the Stevensons, owned property in Coal Valley, Illinois which had a treehouse on it. *See* depiction to the right. The treehouse was approximately eight feet above the ground, with a ladder providing access.



Living a couple blocks away was a 10-year old boy, who shall be referred to herein as EJ. EJ had been in this treehouse many times prior to August 29, 2015, and he had jumped out of it on four other occasions. On the date in

---

[1] The parties consented to a Magistrate Judge presiding over this matter. (Docket #s 13 & 14).
[2] These facts are taken from the parties' statement of undisputed facts. (Docket #s 16 & 17).

question, without permission to be in the treehouse from his father, Chris Fiems (the Plaintiff here), or the Stevensons, EJ decided to again get into the tree house and jump from it. Unfortunately, he hurt himself this time.

EJ's father, individually and on behalf of his son, sued the Stevensons for damages related to EJ's injuries.[3] Specifically, Fiems alleges that the Stevensons are liable for EJ's injuries under Illinois's premises liability law. The Stevensons, however, filed a motion for summary judgment, arguing that the undisputed facts demonstrate that they owed no duty to EJ because of the open and obvious nature of the danger posed by jumping from an eight-foot-high tree house.

## II

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Here, the material facts are straightforward and undisputed. The only question is, given these facts, whether the Stevensons owed a duty to EJ. "Whether a duty exists is a question of law for the court to decide." *See, e.g., Bruns v. City of Centralia*, 21 N.E.3d 684, 689 (Ill. 2017), *citing Forsythe v. Clark USA, Inc.*, 864 N.E. 2d 227 (2007).

Whether a property owner owes a duty is determined by four factors: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Bruns*, 21 N.E.3d at 689, *citing Simpkins v. CSX Transportation, Inc.*, 965 N.E.2d 1092 (Ill. 2012); *LaFever v. Kemlite Co.*, 706 N.E.2d 441 (Ill. 1998). Relevant to the first two factors is the common law doctrine of the "open and obvious rule." *Id.* at 690 ("Application of the open and obvious

---

[3] This case is in federal court because the Plaintiff is a citizen of Illinois and the Defendants, on August 29, 2015, were citizens of Louisiana. 28 U.S.C. § 1332.

rule affects the first two factors of the duty analysis: the foreseeability of injury, and the likelihood of injury."). Specifically, "where the condition is open and obvious, the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty." *Id.*[4]

The Defendants assert that if the open and obvious rule applies, then a property owner does not owe a duty—"the four-factor test is treated as a mere formality; an open and obvious condition mandates a finding of 'no duty.'" (D. 18 at ECF p. 13). The Plaintiff, in response, focuses his argument entirely on the third and fourth factors of the "duty" test, arguing that this court must still analyze all four factors, and those last two factors weigh in favor of finding a duty here. With the exception of a footnote asserting that the Plaintiff does not concede the hazard here was open and obvious and citation to a couple of cases, the Plaintiff provides no argument regarding why the rule does *not* apply here.

As an initial matter, the open and obvious danger rule applies in this case and, given that the Plaintiff does not seriously contest this conclusion (rightly so), the Court will only briefly discuss the rule's application here. Suffice it to say that any 10-year old of normal intelligence ought to recognize that jumping from a height of eight feet is dangerous. The Illinois cases finding the dangers of children jumping on trampolines to be open and obvious confirm the obviousness of the proposition. *See Sollami v. Eaton*, 201 Ill. 2d 1 (2002); 348 Ill. App. 3d 310 (2d Dist. 2004); *See also Bucheleres v. Chicago Park District*, 665 N.E.2d 826 (Ill. 1996) ("In cases involving obvious and common conditions, such as fire, height, and bodies of water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition. The open and obvious

---

[4] There are two recognized exceptions in Illinois to the "open and obvious" rule, but the Plaintiff does not assert that either applies and, accordingly, this Court will not discuss them. *See Bruns*, 21 N.E.2d at 691 (discussing the "distraction" and "deliberate encounter" exceptions).

nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks."). And while there is undisputed evidence in the record to demonstrate that EJ also subjectively appreciated the danger of jumping from the treehouse, whether EJ *actually* appreciated the dangerousness of doing so is ultimately irrelevant; whether a condition is open and obvious depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition. *Sandoval v. City of Chicago,* 830 N.E.2d 722 (Ill. 1st Dist. 2005). A 10-year old should appreciate the danger of jumping from the height of the treehouse in this case, and, accordingly, the risk of injury from doing so is open and obvious. Property owners, like the Stevensons, are entitled to assume as much.

The Defendants would have this conclusion end the case, but the Plaintiff believes this Court must still go on to consider the third and fourth factors of Illinois's "duty" test. The Illinois cases on this question are muddled. *See Bujnowski v. Birchland, Inc.,* 2015 IL App (2d) 140578, ¶ 45 (2nd Dist. 2015) (summarizing the inconsistencies in the Illinois case law on the issue). This Court need not traverse into this thicket, however, because even assuming that all four factors must be considered, the balance of those factors still weighs in favor of finding no duty here.

Regarding the third factor, the magnitude of the burden of guarding against the injury, the Plaintiff is correct in one sense that the magnitude of the burden on the Defendants is negligible. The simple act of removing the ladder to the treehouse might have prevented EJ from getting into the treehouse, although any enterprising 10-year old could have easily found a way into the treehouse without using the ladder. However, in another sense, EJ's ability to get into the treehouse was not the cause of his injury in this case. This is not a case where EJ climbed into

4

an unsafe or dangerous treehouse and fell out. Once in the treehouse, *EJ jumped out*. His intentional act of jumping out of the treehouse is the root cause of his injury here. The ladder to the treehouse is no more a cause of his injury than the fact that his parents allowed their 10-year old son to be off their property unsupervised.

Moreover, the fourth factor, the consequences of placing that burden on the Defendants, weighs heavily against the Plaintiff. To require a property owner to guard against a trespasser's decision to jump from a height of 8-feet is nigh impossible. Should the property owner post a warning sign on every feature of the property from which someone might decide to jump? Children are known to climb trees. Should the Stevensons post signs on all the climbable trees on the property warning, "Don't jump out of this tree!" Or sliding boards on playsets. "Don't jump off of the top of this sliding board!" Although the ladder of the treehouse in question was removable, many treehouses have the more traditional slats nailed to the tree as a makeshift ladder. Should those property owners be required to remove the slats whenever the treehouse is not in use and post warning signs about not jumping from treehouses? The answer to all these questions is obviously "no."

The balance of the factors weighs in favor of the Defendants and, accordingly, they had no duty which they breached in this case.

### III

Children, like adults, unfortunately sometimes make poor choices. EJ made such a choice when he decided to jump out of the Stevenson's treehouse. Part of growing up is learning from the consequence of poor choices and avoiding them in the future. But the Stevensons being liable for EJ's decision to jump out of their treehouse is not one of those consequences.

The Defendants' motion for summary judgement is GRANTED.

The Clerk of the Court is directed to enter judgment as follows: "Judgment is entered in favor of the Defendants, Jason M. and Patricia J. Stevenson, and against the Plaintiff, Chris Fiems, Individually and as Father and next Friend of E.J.M.F., a Minor. Each party to bear their own costs."

This case is terminated.

*It is so ordered.*

Entered on April 9, 2018

s/Jonathan E. Hawley
U.S. Magistrate Judge